UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| GLORIA TADDEI | : | Case No. 17-15877 (MDC) |
| Debtor. | : | |

**MOTION OF DEBTOR TO CLOSE CHAPTER 11 CASE AND ENTER
FINAL DECREE SUBJECT TO THE RIGHT TO REOPEN THE CASE
TO GRANT A DISCHARGE**

Gloria Taddei, debtor and debtor-in-possession (the "Debtor"), by and through her counsel, the law firm of Flaster/Greenberg P.C., hereby file their Motion of Debtor to Close Chapter 11 Case and Enter Final Decree Subject to the Right to Reopen the Case to Grant a Discharge (the "Motion") and in support hereof state as follows:

**FACTUAL BACKGROUND**

1. The Debtor filed a petition for relief under chapter 13 of the United States Bankruptcy Code on August 31, 2017.

2. On January 4, 2018, the Debtor's case was converted to a case under chapter 11 of the Bankruptcy Code.

3. On November 13, 2018, this Court entered an order confirming the Debtor's Chapter 11 Plan (the "Plan").

4. The Plan provided, among other things, that its "Effective Date" is the first business day that was fourteen days after the confirmation date. Accordingly, the Effective Date of the Plan was November 27, 2018.

7290918 v1

5.  The Plan provides for payment of Secured Claims for a period of thirty years and Unsecured Claims, pro rata, for a period of eight years.

6.  As of the filing of this Motion, the Debtor has consummated and complied with the terms of the Plan, filed monthly and/or quarterly distribution reports, and otherwise acted in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of this Court with respect to post-confirmation activities.

## LEGAL ARGUMENT

7.  Pursuant to Section 8.2 of the Plan and Section 1141(d)(5) of the Bankruptcy Code, the Debtor may not receive a discharge until the completion of their payments under the Plan—i.e., upon the expiration of the five-year payment period. However, the Debtor requests that their Bankruptcy Case be closed now to reduce the costs and fees associated with the case, with the right to have the Bankruptcy Case reopened in the future to obtain their discharge.

8.  Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered, the court shall close the case." 11 U.S.C. § 350(a). Furthermore, Rule 3022 requires the entry of a final decree closing cases after an estate is fully administered. Fed. R. Bankr. P. 3022.

9.  Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been confirmed. Factors that should be considered whether the estate has been fully administered include:

> (1)  whether the order confirming the plan has become final,
>
> (2)  whether deposits required by the plan have been distributed,
>
> (3)  whether the property proposed by the plan to be transferred has been transferred,

2

    (4)    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan,

    (5)    whether payments under the plan have commenced, and

    (6)    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991); see In re Necaise, 443 B.R. 483, 489 (Bankr. S.D. Miss. 2010). A case may be deemed fully administered even if a discharge has not yet been entered. See id. at 493.

    10.    It is appropriate to close a case early where the costs of leaving the case open outweigh the benefits of doing so and the creditors are better off if the case is closed. See In re Johnson, 402 B.R. 851, 858 (Bankr. N.D. Ind. 2009). Specifically, it is appropriate to close a case early where U.S. Trustee fees would adversely impact recovery by creditors. See id.; In re Hilburger, 2009 WL 1515125 at *2 (Bankr. W.D.N.Y. 2009). The continuing payment of post-confirmation U.S. Trustee fees is not a requirement for a case to be considered "fully administered." See In re Gould, 437 B.R. 34, 39 (Bankr. D. Conn. 2010).[1]

    11.    The Debtor's Bankruptcy Case is fully administered. The Debtor has commenced distributions to creditors pursuant to a confirmed Plan. The Debtor is current with all post-confirmation reports, fee payments, and other requirements under the Bankruptcy Code and

---

[1] Furthermore, the stated policy of the U.S. Trustee Program is that the U.S. Trustee Program "will not object to an individual chapter 11 debtor's request to close the case before discharge, subject to reopening for the entry of a discharge upon the completion of plan payments, if the estate has been fully administered and any trustee has been discharged." See Walter W. Theus, Jr., Individual Chapter 11s: Case Closing Reconsidered, 29 Am. Bankr. Inst. J. 1, 62 (Feb. 2010). This "comports with both the Bankruptcy Code and bankruptcy policy. Rights of debtors and other parties in interest are protected, and funds that debtors would otherwise use to pay quarterly fees become available to increase payments to creditors." See id.

3

Rules. Furthermore, there are no other motions, contested matters, or adversary proceedings requiring resolution by the Court.

12. The Debtor submits that the closure of this Bankruptcy Case, subject to the right to later seek a discharge, is in the best interests of all parties. Specifically, while the case is closed the Debtor needs not continue to pay the costs and fees associated with a pending chapter 11 case. From the Court's perspective, it can close the Bankruptcy Case while the Plan is being implemented without having to continually retain jurisdiction over the Bankruptcy Case until the thirty-year payment period is completed. Thus, it is appropriate to close the Bankruptcy Case, to be reopened to provide a discharge to the Debtor once Plan payments are complete.

WHEREFORE, the Debtor respectfully requests that this Court enter an order closing this case and enter final decree subject to the right to reopen it to obtain a discharge and granting such other and further relief as is just and proper.

Date: July 22, 2019                                FLASTER/GREENBERG P.C.

                                         By: _____
                                         Damien Nicholas Tancredi, Esquire
                                         1835 Market Street, Suite 1050
                                         Philadelphia, PA 19103
                                         Tel: (215) 587-5680
                                         Email: damien.tancredi@flastergreenberg.com
                                         *Attorneys for Debtor*