**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Gloria Taddei <br>                 Debtor | CHAPTER 11 |
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-FM1 <br>               Secured Creditor <br>    vs. | NO. 17-15877 MDC <br><br> 11 U.S.C. Section 362 |
| Gloria Taddei <br>               Debtor | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Debtor filed a Chapter 13 Bankruptcy petition on or about August 31, 2017.

2. Debtor's bankruptcy was converted to a Chapter 11 on or about January 4, 2018.

3. Debtor's Chapter 11 Plan was confirmed on or about November 13, 2018.

4. The bankruptcy was closed on or about August 27, 2019 and terminated on March 2, 2021, pending Debtor's right to reopen the case to seek a discharge.

5. Secured Debtor and Movant now hereby agree and request that this case be re-opened at this time solely for the purpose of gaining Court approval of this instant Stipulation, to resolve post-petition arrears.

6. Upon Court approval of this Stipulation, both Parties agree that the case may be re-closed.

7. The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's Property, located at 14 South Madison Avenue, Margate, NJ 08402, is **$98,962.71,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | February 2020 through October 2020 at $3,296.34/month <br> November 2020 through October 2021 at $4,381.03/month <br> November 2021 through March 2022 at $3,654.93/month |
| Suspense Balance | ($1,551.36) |
| **Total Post-Petition Arrears** | **$98,962.71** |

      8.      The Debtor(s) shall cure the above-said arrearages in the following manner:

      a)      Debtor shall make a payment in the amount of $5,000.00 on or before March 4, 2022

      b)      Debtor shall make a payment in the amount of $5,000.00 on or before March 18, 2022

      c)      Debtor shall make a payment in the amount of $10,000.00 on or before April 1, 2022

      d)      Debtor shall make a payment in the amount of $10,000.00 on or before April 15, 2022

      e)      Debtor shall make a payment in the amount of $10,000.00 on or before May 6, 2022

      f)      Debtor shall make a payment in the amount of $10,000.00 on or before May 27, 2022

      g)      Debtor shall make a payment in the amount of $10,000.00 on or before June 17, 2022

      g)      Debtor shall make a payment in the amount of $38,962.71 on or before July 15, 2022

      9.      Debtor shall also resume regular monthly payment in the amount of $3,654.93 (or as adjusted pursuant to the terms of the loan documents) on or before the first (1st) day of each month beginning on April 1, 2022 and continuing thereafter to: BANK OF AMERICA, P.O. BOX 660933, DALLAS, TX 75266.

      10.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

      11.      In the event the payments under Sections 8 and/or 9 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor may immediately file a Motion to Re-Open and Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

12. To the extent needed, Debtor consents and agrees to this case being re-opened by Secured Creditor so that a Certification of Default may be filed.

13. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

14. If the case is converted to Chapter 7 and the loan is in default, the Secured Creditor may file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

15. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

16. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

17. The parties agree that a facsimile signature shall be considered an original signature.

Date: 03/08/2022

/s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
KML Law Group, PC
Attorney for Secured Creditor

Date: 3/18/2022

/s/Damien Nicholas Tancredi, Esq.
Damien Nicholas Tancredi
Attorney for Debtor(s)

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman